**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bernardo GONZALEZ–MARTINEZ,**
**Defendant–Appellant.**

**No. 04–41029.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 22, 2006.

James Lee Turner, Assistant U.S. Attorney, David Hill Peck, U.S. Attorney's Of-

fice Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, DeMOSS and PRADO, Circuit Judges.

PER CURIAM: *

Bernardo Gonzalez–Martinez appeals his guilty-plea conviction of and sentence for being an alien found in the United States illegally. Gonzalez–Martinez argues that there was error under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because he was sentenced under the mandatory Sentencing Guidelines. He asserts that the Government cannot show that the *Booker* error is harmless beyond a reasonable doubt because the error is structural and not subject to harmless error analysis. His argument that the error was structural is foreclosed. *See United States v. Martinez–Lugo*, 411 F.3d 597, 601 (5th Cir.), *cert. denied*, ── U.S. ──, 126 S.Ct. 464, 163 L.Ed.2d 352 (2005).

Gonzalez–Martinez also argues that, even if the error was not structural, the error cannot be shown to be harmless beyond a reasonable doubt. The Government concedes that Gonzalez–Martinez has preserved the issue for appeal. Our review is thus for harmless error. *See United States v. Walters*, 418 F.3d 461, 464 (5th Cir.2005). The Government bears the burden of proving beyond a reasonable doubt that the district court would not have sentenced Gonzalez–Martinez differently under an advisory guideline sentencing regime. *See id.*

The instant record fails to provide clear commentary from the district court regarding whether it would have imposed the same sentence in a post-*Booker* environment. *See id.* The Government thus has not carried its burden of showing harmless error. *See id.* We therefore remand Gonzalez–Martinez's case for resentencing.

Gonzalez–Martinez challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Gonzalez–Martinez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Mancia–Perez*, 331 F.3d 464, 470 (5th Cir.2003). Gonzalez–Martinez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.